TOMÁS ROBLES, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 819.  Argued June 15, 1932.—Decided April 28, 1933.

*C. Domínguez Rubio* for petitioner.   *Juan B. Soto* for the intervener Maryland Casualty Co.

Mr. Justice Wolf delivered the opinion of the Court.

After several preliminary orders, this case is before us on a hearing to determine whether a writ of certiorari should or should not issue.

The petitioner, Tomás Robles, presented a petition to the Industrial Commission of Puerto Rico to recover compensation by reason of an accident which happened to him on the 26th of November, 1930. The employer, Miguel Rivera, was insured in the Maryland Casualty Company.

The Industrial Commission found that he was entitled to compensation by reason of the enucleation of an eye producing a disfigurement and awarded him the sum of $247.50. The Maryland Casualty Company appealed to the district court and so did the workman. It sufficiently appears from the record, or from the admissions of the parties, that Tomás Robles a number of years ago suffered an accident whereby his right eye was practically deprived of vision. He still could distinguish objects in bulk. By reason of the accident of the 26th of November, 1930, he received another blow on his right eye, which made the enucleation necessary. The Industrial Commission founded its judgment on the theory that the disfigurement would make it difficult for him to obtain work and, therefore, that he was entitled to compensation.

By agreement, the appeal of the employer was heard first. The employer maintained that the case of the enucleation of an eye, already blind, was not covered by the law. It seems to be true that if a workingman suffered an accident, as here, years before for which he might have been entitled to compensation as for loss of vision, he could not now recover wholly for the enucleation mentioned in the Compensation

Act. The law, according to the employer, is directed to cases where the enucleation causes the loss of vision. Apparently bearing this in mind, the Industrial Commission determined that the workingman was, within their discretion, entitled to some compensation for the disfigurement. In rendering its decision in the first appeal the court took the position discretionally, it may be said, that for a further impairment of vision the commission was justified in awarding some compensation and the court fixed the same amount.

In the second appeal, that of the workingman, the court also wrote an opinion. The court pointed that for enucleation the law awarded from $520 to $1,040, but provided furthermore that for any other partial permanent incapacity not specified the award should be graduated in accordance with the nearest case of incapacity. The court was of the opinion that the previous state of vision should be considered and that the award made by the commission was just and should be affirmed.

The petitioner maintains that the District Court of Guayama had no jurisdiction to render the judgment it did, but having decided that the jury to the said petitioner was different from that found by the commission, the proceeding should have been sent back to the Industrial Commission in order that that body might determine the amount of the compensation.

The writer had some doubts whether certiorari lay in a case like this, but is now convinced that it does; in other words, that we have a "case" or "cause" before us as defined by the law of certiorari.

In any event the writ of certiorari is largely discretionary, and under the facts of this case we doubt if the writ should be maintained even if we were convinced of some error of jurisdiction or procedure in the district court.

We agree with the district court and the employer that

the former on appeal to it from the Industrial Commission had the right to consider the case as a chancellor and decide it as the Industrial Commission might decide it. *White Star Bus Line, Inc.* v. *District Court,* 41 P.R.R. 527. Hence, the action of the district court would not be an error of jurisdiction. At most it would be a failure to give the workman the amount to which he was entitled. It was an erroneous interpretation of the law, as we understand it, rather than a failure to follow the due course of procedure.

Moreover, while the case has not been free of doubts, the petitioner fails to convince us that the court was in error in fixing the amount; and having reached the conclusion that substantial justice has been done, the motion for reconsideration should be denied.